Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>DOUNEA-NINA JACKSON,<br><br>　　　　Debtor. | Bankruptcy Case<br>No.16-32306-pcm13 |
| DOUNEA-NINA JACKSON,<br><br>　　　　Plaintiff,<br>　v.<br><br>CITIBANK, N.A., AS SUCCESSOR TRUSTEE TO U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORGAGTE PASS-THROUGH CRETIFICATES, SERIES 2007-HF1 and AMERICA'S SERVICING COMPANY, its successors in interest, agents, assignees and/or assignors,<br><br>　　　　Defendants. | Adv. Proc. No. 17-3014-pcm<br><br>MEMORANDUM OPINION |

BACKGROUND

Plaintiff filed this adversary proceeding against her mortgage lender, stating two claims for relief: 1) a claim for declaratory judgment determining several questions related to the loan on her real

Page 1 – MEMORANDUM OPINION

property; and 2) a claim for breach of contract based on defendant's allegedly improper nonjudicial foreclosure of its lien on the Property.

Wells Fargo, of which defendant America's Servicing Company is a division, ("defendant") filed a motion for judgment on the pleadings (the "Motion"), seeking judgment in its favor on both of plaintiff's claims for relief. In a hearing on June 21, 2017, this court ruled that defendant's motion would be granted as to plaintiff's claim for declaratory judgment on the basis that it is precluded by a state court judgment of foreclosure. This court denied defendant's motion as to plaintiff's breach of contract claims.

Defendant filed this motion for reconsideration, asking that the court

> amend its ruling to hold that plaintiff's breach of contract claim is barred by the Rooker-Feldman doctrine, issue preclusion and claim preclusion. Alternatively, [defendant] requests the Court to clarify the basis for its determination not to dismiss plaintiff's breach of contract claim.

Motion, p. 5.

## DISCUSSION

A party seeking to amend a judgment pursuant to Fed. R. Civ. P. 59, made applicable to this adversary proceeding by Fed. R. Bankr. P. 9023, must raise one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence (not previously available); or (3) the need to correct a clear error of law or prevent manifest injustice. All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 649 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).

In support of its motion, defendant relies primarily on Huerta v. Wells Fargo Bank, N.A., 2017 WL 815239 (D. Or. Mar. 1, 2017). Because that case does not represent an intervening change in the law and no new evidence or manifest injustice was alleged, the court will assume that defendant is arguing that the court's ruling was a clear error of law. Defendant appears to argue that the court made an error in determining that plaintiff's contract claims were not previously litigated. For the foregoing reasons, defendant is incorrect and its motion will be denied.

Defendant points to Huerta for the proposition that a "breach of contract claim brought after a judicial foreclosure claim is barred by claim and issue preclusion." Motion, p. 3. This reading is overbroad.

In Huerta, the debtors originally financed the purchase of two adjacent parcels, granting the lender a first position trust deed on both. 2017 WL 815239 at *1. Later, the debtors refinanced and the lender agreed that only one of the parcels secured the loan. Id. The loan was eventually sold to Wells Fargo. Id. Ultimately, the debtors defaulted on the refinanced loan and Wells Fargo initiated judicial foreclosure proceedings. Id. As part of those proceedings, Wells Fargo sought declaratory relief to reform the trust deed to include both parcels. Id. Wells Fargo was granted default judgment. Id.

Sometime later, following the sale of both parcels in a sheriff's sale, the debtors moved to set aside the default judgment because of lack of adequate notice, inadvertence, surprise, neglect, fraud, misrepresentation, and other misconduct by the Wells Fargo. Id. at *2. "Specifically, the [debtors] alleged that Wells Fargo obtained the equivalent of an illegal deficiency judgment by reforming the trust deed

Page 3 – MEMORANDUM OPINION

to include the [second parcel]." Id. The debtors' motion was denied. Id. Thereafter, the debtors filed a complaint in federal court alleging that 1) the lender breached the covenant of good faith and fair dealing and 2) the lender was unjustly enriched. Id.

The district court held that the debtors' claim for breach of the covenant of good faith and fair dealing was barred by claim preclusion. Id. at *3. The court reasoned that, because the claim was based on the deed of trust and on the same factual transaction at issue in the foreclosure proceedings, it could have readily been disposed of in the state court proceedings and was, therefore, precluded in the subsequent federal proceedings. Id. By contrast, the unjust enrichment claim did not "contest the foreclosure or seek to have the judgment of the foreclosure set aside" and was not precluded. Id.

Plaintiff's contract claims at issue in this case are more similar to the unjust enrichment claims than the contract claims raised in Huerta. As stated in this court's ruling,

> [The allegations of plaintiff's contract claims] address conduct by the defendant, not the content of the judgment. Moreover, whether or not such conduct constitutes a breach for which plaintiff is entitled to [relief], neither challenges the judgment nor is it inextricably [intertwined] with the judgment.

Ex. 1 to Motion for Reconsideration, Pg. 6.

Like the unjust enrichment claims in Huerta, plaintiff's contract claims do not "contest the foreclosure or seek to have the judgment of the foreclosure set aside." At issue in the state court judicial foreclosure proceedings was whether plaintiff

Page 4 – MEMORANDUM OPINION

breached her obligations as set out in the loan documents such that defendant was entitled to a judgment of foreclosure. The state court did not and was not required to reach the issue of whether defendant had breached any of its obligations set out in the loan documents with regard to the failed nonjudicial foreclosure proceedings in order to enter judgment in the foreclosure action.

Moreover, unlike the contract claims in Huerta, plaintiff's contract claims in this case do not stem from the same factual transaction as the judicial foreclosure proceeding. Instead, they address alleged actions by defendant that took place in the nonjudicial foreclosure process, which was independent of and factually distinct from the judicial foreclosure action.

## CONCLUSION

For the above-stated reasons, defendant failed to meet its burden under Fed. R. Civ. P. 59 "to show a clear error of law." Plaintiff should submit an order denying defendant's motion.